

SRD/USAO#2024R00316
hmg.9.17.25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** 25cr 282 |
| | * | |
| **KRISTIN ANN TKACH-PELGRIM,** | * | **(Filing False Claims, 18 U.S.C. § 287;** |
| | * | **Making False Statements in** |
| **a/k/a Faith Beckett,** | * | **Bankruptcy, 18 U.S.C. §§ 152(2),** |
| **a/k/a Brexlie Jule Ashford-Stallard,** | * | **152(3); Bankruptcy Fraud, 18 U.S.C. §** |
| | * | **157; Obstruction of Justice, 18 U.S.C.** |
| **Defendant.** | * | **§ 1503)** |
| | * | |

*******

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

### Introduction

<u>The Defendant and Her Purported Trusts</u>

1.    Defendant **KRISTIN ANN TKACH-PELGRIM, a/k/a Faith Beckett, a/k/a**

**Brexlie Jule Ashford-Stallard** ("**TKACH-PELGRIM**"), resided in Howard County, Maryland.

2.    **TKACH-PELGRIM** held a Bachelor of Arts degree in politics, economics, and

law and a Master of Professional Studies degree in strategic public relations.

3.    During at least the years 2022 through 2024, **TKACH-PELGRIM** was

unemployed. **TKACH-PELGRIM** had previously worked as a substitute teacher, a customer

service representative at a health insurance company, and a census field manager, among other

jobs.

1



4.      On or about the dates set forth below, **TKACH-PELGRIM** obtained tax

identification numbers ("TIN") from the Internal Revenue Service ("IRS") for the following

purported trusts:

| Approximate Date TIN Obtained | Purported Trust Name |
|---|---|
| February 2022 | Kristin Ann Tkach Estate |
| January 2023 | Beckett Family Rvoc Living Trust |
| April 2023 | Genevieve Lyn Jule Pelgrim |
| April 2023 | Kristin Ann Tkach Pelgrim |
| April 2023 | Brexlie Jule Ashford Stallard |
| April 2024 | Kat LQ Trust |

<u>Tax Returns</u>

5.      An IRS Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was used

by U.S. taxpayers to file an annual income tax return.

6.      An IRS Form 1041, U.S. Income Tax Return for Estates and Trusts

("Form 1041"), was filed by the fiduciary of a domestic decedent's estate, trust, or bankruptcy

estate to report, among other things, the income, deductions, gains, and losses of the estate or

trust; the income that is either accumulated or held for future distribution or distributed currently

to the beneficiaries; and any income tax liability of the estate or trust.

<u>The Fraudulent Tax Refund Scheme</u>

7.      Between in or around 2022 and in or around 2024, **TKACH-PELGRIM** filed

with the IRS at least 11 false tax returns on behalf of herself and purported trusts she controlled

on which she claimed a total of more than $43 million in refunds that neither she nor her

purported trusts were entitled to receive. The false tax refund claims were based on her false and

fraudulent representations that third parties had withheld federal income taxes from income paid

to **TKACH-PELGRIM** and her purported trusts and had paid those taxes over to the IRS.

However, neither **TKACH-PELGRIM** nor her purported trusts had income or tax withholdings in the amounts reported on the tax returns and they were not entitled to tax refunds in the amounts claimed. One of **TKACH-PELGRIM**'s false tax returns resulted in the IRS issuing a check in the amount of $7,018,647.20 to one of the purported trusts that **TKACH-PELGRIM** controlled. The IRS did not issue refunds in response to the other ten tax returns that **TKACH-PELGRIM** filed for herself and purported trusts she controlled.

8.      **TKACH-PELGRIM** continued to file false claims for tax refunds after the IRS warned her that her claims were frivolous. On or about September 6, 2022, after **TKACH-PELGRIM** filed four false 2021 Forms 1040 with the IRS in her own name, the IRS sent **TKACH-PELGRIM** a letter notifying her that her refund claims had no basis in law and warning that the IRS would assess a $5,000 penalty per tax return if she did not retract her filings. **TKACH-PELGRIM** did not retract any of her four 2021 Forms 1040. Instead, she began filing false tax refund claims to the IRS using Forms 1041 instead of Forms 1040; she filed at least seven such false claims after receiving the IRS warning letter.

9.      Between on or about December 1, 2022, and on or about February 21, 2023, after **TKACH-PELGRIM** refused to retract any of her four false 2021 Forms 1040, the IRS assessed frivolous filing penalties against her totaling $20,000. **TKACH-PELGRIM** continued filing false tax refund claims with the IRS even after these penalties were assessed.

10.     On or about February 6, 2023, in response to a notice she received from the IRS about the frivolous filing penalties that the IRS assessed against her, **TKACH-PELGRIM** fraudulently attempted to pay two of the penalties by submitting to the IRS a fraudulent financial instrument in the amount of $10,000.

11.    On or about May 22, 2024, an IRS special agent seized the $7 million U.S. Treasury check. Even after becoming aware that the IRS seized the check, **TKACH-PELGRIM** filed at least four more false claims for tax refunds.

The Bankruptcy Fraud Scheme

12.    On or about April 18, 2023, **TKACH-PELGRIM** filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland, pursuant to Chapter 7 of Title 11 of the United States Code. The case was docketed as *In re Kristin Ann Tkach Pelgrim*, Case No. 23-12670.

13.    In filing for bankruptcy, **TKACH-PELGRIM** sought to discharge a variety of debts, including, but not limited to, her home mortgage, student loans, car loan, credit card bills, property taxes, and civil tax penalties assessed against her by the IRS for filing fraudulent tax refund claims.

14.    On or about April 21, 2023, the bankruptcy court notified **TKACH-PELGRIM** that the court had appointed an attorney to serve as the Chapter 7 trustee. The Chapter 7 trustee was responsible for overseeing the administration of the bankruptcy estate and ultimately disbursing **TKACH-PELGRIM**'s assets to satisfy her creditors. The Chapter 7 trustee was required to investigate **TKACH-PELGRIM**'s financial affairs, including by reviewing her written submissions to the bankruptcy court and asking her questions under oath during hearings called meetings of creditors.

15.    As a debtor seeking a discharge of her debts, **TKACH-PELGRIM** filed and caused to be filed under penalties of perjury a petition, schedules, and other documents with the United States Bankruptcy Court for the District of Maryland on which she was required to

truthfully disclose her income, assets, and liabilities. **TKACH-PELGRIM** was also required to truthfully answer questions under oath from the Chapter 7 trustee during the meeting of creditors regarding her income, assets, and liabilities.

16.    During the proceedings in her bankruptcy case, **TKACH-PELGRIM** made numerous false statements, both orally and in writing, in an effort to conceal her assets and other material information from the Chapter 7 trustee and the bankruptcy court. These false statements included, but were not limited to, the following:

a.    On or about April 18, 2023, **TKACH-PELGRIM** signed under penalties of perjury and filed in her bankruptcy case an Official Form 101, Voluntary Petition for Individuals Filing for Bankruptcy, on which she was required, in response to Part 1, Question 2, to list all names she had used in the last eight years. **TKACH-PELGRIM** listed her maiden name and one of her aliases -- Faith Beckett -- but failed to list Brexlie Jule Ashford-Stallard, a name that she used to maintain at least three bank accounts.

b.    On or about May 6, 2023, **TKACH-PELGRIM** signed under penalties of perjury and filed in her bankruptcy case schedules of her assets and liabilities, including an Official Form 106 A/B, Schedule A/B Property ("Form 106 A/B"), on which she was required to report her assets, including bank accounts. On this schedule, **TKACH-PELGRIM** failed to report all bank accounts she controlled, including, but not limited to, bank accounts in the name of Brexlie Jule Ashford-Stallard. **TKACH-PELGRIM** also failed to report that she owned cryptocurrency and foreign currency, and failed to report the value of precious metals she owned.

c.    On about June 10, 2023, during a meeting of creditors conducted by the Chapter 7 trustee, **TKACH-PELGRIM** falsely stated under oath that she had not omitted

5

any assets from her bankruptcy schedules and that she did not own any cryptocurrency, when, in fact, she had omitted assets from her schedules and owned cryptocurrency. **TKACH-PELGRIM** also falsely stated under oath that she had not transferred any assets in the last three years, when, in fact, she had transferred funds between bank accounts that she controlled, including accounts in the names of her purported trusts and in the name of Brexlie Jule Ashford-Stallard, during the months prior to the meeting of creditors. **TKACH-PELGRIM** made at least 15 such transfers between the time she filed her bankruptcy petition on or about April 18, 2023 and the June 10, 2023 meeting of creditors, including one transfer from an account in her name to an account in the name of one of her purported trusts on the day prior to the June 10, 2023 meeting of creditors.

        d.      On or about August 24, 2023, **TKACH-PELGRIM** signed under penalties of perjury and filed in her bankruptcy case amended schedules of her assets and liabilities, including an amended Official Form 106 A/B on which she was required to report her assets, including bank accounts. On this schedule, **TKACH-PELGRIM** failed to report all bank accounts she controlled. **TKACH-PELGRIM** also failed to report that she owned cryptocurrency and foreign currency and failed to report the value of previous metals she owned.

        e.      On or about April 23, 2024, during a hearing before the United States Bankruptcy Court for the District of Maryland, **TKACH-PELGRIM** falsely testified under oath that she had not filed any tax returns using her own name or Social Security number since 2020, when, in fact, she had filed four false tax returns using her name and Social Security number in 2022 for tax year 2021. During that hearing, **TKACH-PELGRIM** further falsely testified under oath that she had not filed documents with the

IRS in the name of a trust other than the Kristin Ann Tkach-Pelgrim Bankruptcy Estate in the past five years, when, in fact, she had filed false tax returns for other purported trusts she controlled, including a false Form 1041 for the Genevieve J. Pelgrim Trust that she filed less than one week prior to the hearing.

17.     During the proceedings in her bankruptcy case, **TKACH-PELGRIM** filed and submitted false, fraudulent, and frivolous documents with the intent to obstruct the administration of her bankruptcy case and to harass the presiding judge, clerk of court, Chapter 7 trustee, and others. These filings and submissions included, but were not limited to the following:

   a.     On or about September 13, 2023, **TKACH-PELGRIM** filed a document in her bankruptcy case in which she sought to have the presiding judge removed from the case and argued that the judge's orders were invalid based on the false claim that the presiding judge held a financial interest in the case.

   b.     On or about September 14, 2023, **TKACH-PELGRIM** filed a lawsuit in bankruptcy court against the judge presiding over her bankruptcy case, the Chapter 7 trustee, an attorney working for the Chapter 7 trustee, and others. In this lawsuit, **TKACH-PELGRIM** falsely alleged the named parties had committed violations of federal law against her in the exercise of their duties for which she sought damages.

   c.     On or about September 18, 2023, **TKACH-PELGRIM** sent an "invoice" to the Chapter 7 trustee on which **TKACH-PELGRIM** falsely claimed that the trustee owed her more than $178 million.

   d.     On or about January 2, 2024, in a filing related to her bankruptcy case, **TKACH-PELGRIM** threatened to file liens against the presiding judge, the Clerk of

Court, the Chapter 7 trustee, and other individuals, and falsely claimed that these individuals were violating the law and could be arrested.

  e. On or about January 11, 2024, during a hearing in her bankruptcy case, **TKACH-PELGRIM** falsely accused the presiding judge of having a financial interest in the case.

  f. On or about January 11, 2024, **TKACH-PELGRIM** mailed and caused to be mailed an IRS Form 1098-F, Fines Penalties and Other Amounts ("Form 1098-F"), to the judge presiding over her bankruptcy, the Clerk of Court for the United States Bankruptcy Court for the District of Maryland, the Chapter 7 trustee, and an attorney representing the Chapter 7 trustee. On the Forms 1098-F, **TKACH-PELGRIM** falsely claimed that these individuals owed millions of dollars in fines and penalties to the IRS. **TKACH-PELGRIM** also mailed and caused to be mailed a Form 1098-F to an attorney working with the court-appointed Chapter 7 trustee on which **TKACH-PELGRIM** falsely claimed that the attorney owed fines and penalties to the IRS.

  18. Between on or about April 8, 2024, and on or about April 9, 2024, **TKACH-PELGRIM** mailed letters to at least three of her creditors – Credit Card Company 1, Credit Card Company 2, and County Government 1 – in which she falsely claimed that her debts to those creditors had been discharged in bankruptcy in March 2024 and that she no longer owed them any money. In fact, **TKACH-PELGRIM**'s debts were never discharged and her bankruptcy case was ultimately dismissed by the court on or about July 17, 2025.

  19. On or about April 9, 2024, after the IRS issued a U.S. Treasury check in the amount of $7,018,647.20 to the Kristin Ann Tkach-Pelgrim Bankruptcy Estate in response to a

false 2022 Form 1041 that **TKACH-PELGRIM** filed in the name of this purported trust,

**TKACH-PELGRIM** presented the check to the United States Bankruptcy Court for the District

of Maryland in purported satisfaction of her debts. **TKACH-PELGRIM**, in a letter that

accompanied the check, directed the Clerk of Court to disburse the funds to her creditors and

refund the balance to **TKACH-PELGRIM.**

## COUNTS ONE THROUGH ELEVEN
### (Filing False Claims)

1.      The allegations of paragraphs 1 through 11 of the Introduction are incorporated

herein as if set out in full.

2.      On or about the dates set forth below, in the District of Maryland, and elsewhere,

the defendant,

### KRISTIN ANN TKACH-PELGRIM,

made and presented and caused to be made and presented to the Internal Revenue Service claims

against the United States for payment of a refund of taxes, which she then and there knew to be

false, fictitious, and fraudulent. **TKACH-PELGRIM** made the claims by preparing and causing

to be prepared, and presenting and causing to be presented to the IRS, the tax returns described

below, which claimed refunds in the amounts set forth below, knowing that the

claims were false, fictitious, and fraudulent in that the named individuals and purported trusts

were not entitled to the refunds which were being requested.

| Count | Tax Return | Approximate Filing Date | Refund Claimed |
|-------|-----------|------------------------|----------------|
| 1 | 2021 Form 1040 for Kristin Ann Tkach-Pelgrim | April 12, 2022 | $13,000.00 |
| 2 | 2021 Form 1040 for Kristin Ann Tkach-Pelgrim | April 12, 2022 | $25,000.00 |
| 3 | 2021 Form 1040 for Kristin Ann Tkach-Pelgrim | May 31, 2022 | $352,571.83 |
| 4 | 2021 Form 1040 for Kristin Ann Tkach-Pelgrim | June 28, 2022 | $431,048.00 |
| 5 | 2022 Form 1041 for Kristin Ann Tkach-Pelgrim Bankruptcy Estate | March 23, 2024 | $11,137,951.20 |
| 6 | 2023 Form 1041 for Kristin Ann Tkach-Pelgrim Bankruptcy Estate | May 2, 2024 | $19,666,000.5 |
| 7 | 2023 Form 1041 for Genevieve J. Pelgrim Trust | April 18, 2024 | $355,152.00 |
| 8 | 2020 Form 1041 for Beckett | September 17, 2024 | $52,320.00 |

| | | Family Revocable Living Trust | | |
|---|---|---|---|---|
| 9 | 2021 Form 1041 for Beckett Family Revocable Living Trust | September 9, 2024 | $41,861.00 |
| 10 | 2022 Form 1041 for Beckett Family Revocable Living Trust | September 24, 2024 | $1,207,896.54 |
| 11 | 2023 Form 1041 for Beckett Family Revocable Living Trust | October 8, 2024 | $10,522,399.00 |

18 U.S.C. § 287

## COUNT TWELVE
(False Statement Under Oath in Bankruptcy)

1.    The allegations of paragraphs 1 through 19 of the Introduction are realleged and incorporated herein as if set out in full.

2.    On or about April 23, 2024, in the District of Maryland and elsewhere, the defendant,

### KRISTIN ANN TKACH-PELGRIM,

knowingly and fraudulently made false material statements under oath in and in relation to a case under Title 11 of the United States Code, *In re Kristin Ann Tkach-Pelgrim*, Case No. 23-12670, by falsely testifying under oath in a hearing before the judge presiding over her bankruptcy case that she had not filed an income tax return in her own name since 2020 and that she had not filed tax returns for any trusts other than for the Kristin Ann Tkach-Pelgrim Bankruptcy Estate, when, in fact, she knew that she had filed four tax returns in her own name in 2022 and had filed tax returns on behalf of other purported trusts.

18 U.S.C. § 152(2)

## COUNT THIRTEEN
(False Statement Under Oath in Bankruptcy)

1.    The allegations of paragraphs 1 through 19 of the Introduction are realleged and incorporated herein as if set out in full.

2.    On or about June 10, 2023, in the District of Maryland and elsewhere, the defendant,

### KRISTIN ANN TKACH-PELGRIM,

knowingly and fraudulently made false material statements under oath in and in relation to a case under Title 11 of the United States Code, *In re Kristin Ann Tkach-Pelgrim*, Case No. 23-12670, by falsely testifying under oath in a meeting of creditors before the court-appointed Chapter 7 trustee that she had not omitted any assets from her bankruptcy schedules, did not own cryptocurrency, and had not transferred any assets in the last three years, when, in fact, she knew that she had omitted bank accounts and other assets from her bankruptcy schedules, owned cryptocurrency, and had transferred funds between bank accounts she controlled within the last three years.

18 U.S.C. § 152(2)

## COUNTS FOURTEEN THROUGH SIXTEEN
(False Statements Under Penalties of Perjury in Bankruptcy)

1.    The allegations in paragraphs 1 through 19 of the Introduction are realleged and incorporated herein as if set out in full.

2.    On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

### KRISTIN ANN TKACH-PELGRIM,

knowingly and fraudulently made materially false declarations, certificates, verifications, and statements under the penalty of perjury, in and in relation to a case under Title 11 of the United States Code, *In re Kristin Ann Tkach-Pelgrim*, Case No. 23-12670, by submitting and causing to be submitted the following documents with the following falsities:

| Count | Approximate Date of Filing | Document | False Item(s) |
|-------|----------------------------|----------|---------------|
| 14 | April 18, 2023 | Official Form 101, Voluntary Petition for Individuals Filing for Bankruptcy | Part 1, Question 2 (All other names you have used in the last 8 years) |
| 15 | May 6, 2023 | Official Form 106 A/B, Schedule A/B Property | Part 4, Line 16 (Cash)<br><br>Part 4, Line 17 (Deposits of money)<br><br>Part 4, Line 35 (Any financial assets you did not already list) |
| 16 | August 24, 2023 | Official Form 106 A/B, Schedule A/Property (Amended) | Part 4, Line 16 (Cash)<br><br>Part 4, Line 17 (Deposits of money)<br><br>Part 4, Line 35 (Any financial assets you did not already list) |

18 U.S.C. § 152(3)

14

## COUNT SEVENTEEN
(Bankruptcy Fraud)

1.      The allegations in paragraphs 1 through 19 of the Introduction are realleged and incorporated herein as if set out in full.

2.      Beginning on or about April 18, 2023 and continuing until on or about July 17, 2025, in the District of Maryland and elsewhere, the defendant,

### KRISTIN ANN TKACH-PELGRIM,

with the intent to devise a scheme or artifice to defraud her creditors, and for the purpose of executing and concealing said scheme and artifice, made false and fraudulent representations, claims, and promises concerning and in relation to a proceeding under Title 11 of the United States Code, including, but not limited to:

       a.      failing to report an alias on a bankruptcy filing;

       b.      omitting assets from her bankruptcy filings, including, but not limited to, failing to report financial accounts, failing to report her ownership of cryptocurrency and foreign currency, and failing to report the value of precious metals she owned;

       c.      making false statements during a meeting of creditors about her assets, including denying that she owned cryptocurrency and that she had transferred assets within the last three years and falsely stating that she had not omitted any assets from her bankruptcy schedules;

       d.      making false statements during a court hearing about whether she had filed individual income tax returns and trust tax returns;

       e.      transferring funds between bank accounts she controlled during the pendency of her bankruptcy case, including between accounts that she did not disclose on her bankruptcy filings;

f.    presenting a fraudulently obtained U.S. Treasury check to the bankruptcy court in purported satisfaction of her debts; and

g.    falsely representing to creditors that her debts had been discharged.

18 U.S.C. § 157

## COUNT EIGHTEEN
(Obstruction of Justice)

1.      The allegations in paragraphs 1 through 19 of the Introduction are realleged and incorporated herein as if set out in full.

2.      Beginning on or about April 18, 2023 and continuing until on or about July 17, 2025, in the District of Maryland and elsewhere, the defendant,

### KRISTIN ANN TKACH-PELGRIM

did corruptly and by any threatening letter or communication, influence, obstruct and impede, and endeavor to influence, obstruct and impede the due administration of justice in *In re Kristin Ann Tkach-Pelgrim*, No. 23-12670, in the United States Bankruptcy Court for the District of Maryland by, among other acts:

a.      presenting false Forms 1098-F to the presiding judge, clerk of court, court-appointed Chapter 7 trustee, and attorneys working with and representing the trustee that falsely claimed these individuals each owed $2.8 million in civil penalties to the IRS;

b.      threatening to file liens against the presiding judge, the Clerk of Court, the Chapter 7 trustee, and other individuals;

c.      making false statements in a fraudulent attempt to replace the court-appointed Chapter 7 trustee with one of her associates;

d.      making false statements regarding in an attempt to disqualify the presiding judge; and

e.      submitting harassing, false, and frivolous documents to the court-appointed Chapter 7 trustee and attorneys working with and representing the trustee.

18 U.S.C. § 1503

KELLY O. HAYES
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

7/18/2025

Date